

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JAMIE CASTELLAR,<br>　　　　　Petitioner,<br><br>vs.<br><br>WARDEN,<br>Federal Correctional Institution–Estill,<br>　　　　　Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO. 0:14-1100-MGL-PJG<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S HABEAS PETITION WITH PREJUDICE
FOR LACK OF PROSECUTION

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Petitioner's habeas petition be dismissed with prejudice for lack of prosecution and that any pending motions be terminated. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 26, 2014, but Petitioner failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report to the extent that it does not contradict this Order and incorporates it herein.  Therefore, it is the judgment of the Court that Petitioner's habeas petition is **DISMISSED WITH PREJUDICE** for lack of prosecution.  Any pending motions, therefore, are rendered **MOOT**.

An order denying relief in a § 2241 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing.  Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

2

**IT IS SO ORDERED**.

Signed this 17th day of September, 2014, in Spartanburg, South Carolina.

                                        s/ Mary G. Lewis  
                                        MARY G. LEWIS  
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3